

# IN THE COURT OF CRIMINAL APPEALS OF TEXAS

NOS.
**WR-94,502-01**
**WR-94,502-02**

**EX PARTE ALBERTO LONGORIA, Applicant**

**ON APPLICATIONS FOR WRITS OF HABEAS CORPUS**
**CAUSE NOS. C-396-W012228-1365681-A & C-396-W012229-1365684-A**
**IN THE 396TH DISTRICT COURT FROM TARRANT COUNTY**

*Per curiam*.

# O R D E R

Applicant pleaded guilty to two offenses of aggravated assault and was sentenced to two concurrent terms of ten years in prison. The Second Court of Appeals affirmed the convictions in an unpublished opinion. *Longoria v. State*, Nos. 02-21-00071-CR & 02-21-00072-CR (Tex. App.—Fort Worth del. May 12, 2022). Applicant, through habeas counsel, filed these applications for writs of habeas corpus in the county of conviction, and the district clerk forwarded them to this Court. *See* TEX. CODE CRIM. PROC. art. 11.07.

The trial court had initially placed Applicant on deferred-adjudication community supervision for the offenses; the probations were later revoked. Applicant contends that his revocation counsel

was ineffective. He argues, had the trial court properly considered Applicant's ineligibility for shock probation, there is a reasonable probability the trial court would have assessed lesser sentences. Applicant complains counsel failed to insure this occurred. There is no response from counsel in the habeas record forwarded to this Court. The trial court shall order revocation counsel to respond to Applicant's habeas claim. In developing the record, the trial court may use any means set out in Article 11.07, § 3(d). After receiving counsel's response, the trial court may make any further findings and conclusions it deems appropriate.

The trial court shall comply with this order within ninety days from the date of this order. The district clerk shall then immediately forward to this Court the trial court's findings and conclusions, if any, and the record developed on remand, including, among other things, affidavits, motions, objections, proposed findings and conclusions, orders, and transcripts from hearings and depositions. *See* TEX. R. APP. P. 73.4(b)(4). Any extensions of time must be requested by the trial court and obtained from this Court.


Filed: FEBRUARY 15, 2023
Do not publish